GEIGER v. RAPOPORT.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

APPEAL AND ERROR (§ 569*)—RECORD—SUFFICIENCY—IMPROPER ARGUMENT OF COUNSEL.

One of the issues was whether a strike called in defendant's factory, in which plaintiff participated, was a genuine strike, or was instigated by defendant merely to give him an opportunity to discharge plaintiff, which involved the question of whether the prices to be paid were fixed by defendant's foreman and a price committee of workmen, and plaintiff's counsel commented on defendant's failure to call as witnesses the members of such price committee, adding, "Doubtless they are still in the employ of defendant." Defendant's counsel requested the court, by reason of such comment, to charge that no inference could be drawn against defendant by reason of his failure to call the price committee, which was refused, and on settlement of the case the remarks of plaintiff's counsel in summing up were stricken from the record. Held, that such remarks should be included in the record, as the objection thereto was substantial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2530–2545; Dec. Dig. § 569.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

137 N.Y.S.—48

Appeal from City Court of New York, Special Term.

Action by Samuel Geiger against Jacob Rapoport. From an order denying defendant's motions to resettle the case on appeal, defendant appeals. Reversed, and resettlement directed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Henry Fluegelman, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellant.

Max D. Steuer, of New York City, for respondent.

BIJUR, J. One of the questions litigated on the trial was whether a strike called in defendant's factory, in which strike plaintiff participated, was a genuine strike or a collusive one, instigated by the defendant in order to afford himself an excuse to discharge the plaintiff. This question involved the question whether the price to be paid for making a certain garment in defendant's factory had been "fixed" by and between defendant's foreman and a price committee of the workmen. Plaintiff's counsel, in summing up, commented on the failure of defendant to call as witnesses the members of the price committee, adding thereto, "Doubtless they are still in the employ of defendant." At the close of the case, after the judge's charge, defendant's counsel requested the court to charge the jury as follows:

"By reason of some comment made in summing up, I also ask your honor to charge that no inference may be drawn against the defendant by reason of his failure to call the price committee."

This the court refused to charge, and the defendant duly excepted. On settlement of the case, the remarks of plaintiff's counsel, hereinabove referred to, were stricken from the record. They should, in my opinion, be included therein, as the point sought to be raised by appellant on the appeal in respect thereof is substantial; and in his request to charge defendant referred to and sufficiently identified the portion of the summing up intended to be designated.

Order reversed, with $10 costs and disbursements, and the learned judge below directed to resettle the case in accordance with the above. All concur.